IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GERALD SICARD and <br> MAUREEN SICARD, <br><br> Defendants. | Case No. 25-cv-11065 |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal income tax liabilities owed by Gerald Sicard and Maureen Sicard and (2) reduce to judgment unpaid restitution-based assessments owed by Gerald Sicard. For its complaint, the United States alleges as follows:

### JURISDICTION, PARTIES, AND PROPERTY

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The Defendant Gerald Sicard resides in North Dartmouth, Massachusetts, within the jurisdiction of this Court.

3. The Defendant Maureen Sicard resides in North Dartmouth, Massachusetts, within the jurisdiction of this Court. The Defendant Maureen Sicard and the Defendant Gerald Sicard are married to each other.

1

## CRIMINAL CONVICTION AND ADDITIONAL ASSESSMENTS

4. On February 13, 2014, Gerald Sicard pleaded guilty under a plea agreement in the U.S. District Court for the District of Massachusetts to an Information charging him with one count of making and subscribing a materially false tax return under 26 U.S.C. § 7602(1) for the income tax year 2007. *See United States of America v. Gerald Sicard*, No. 1:14-cr-10011-GAO (D. Mass.) at ECF No. 6.

5. The Information alleged that "[b]eginning not later than January 2007 and continuing through the end of that year," Gerald Sicard willfully provided his tax return preparer with false information that he knew the preparer would use to prepare Gerald Sicard's personal tax return. *See* No. 1:14-cr-10011 at ECF No. 1, ¶ 5.

6. Specifically, the Information alleged that Gerald Sicard "materially understated" to his preparer the revenue he derived from his carpentry and contracting business, and that Gerald Sicard knew, when authorizing the preparer to file his return that the gross income on Sicard's 2007 return was materially false. *Id.* at ¶ 5-7.

7. At Gerald Sicard's sentencing, the Government attorney explained that between 2005 and 2008, Gerald Sicard intentionally left off his tax returns "an increasing amount of his incoming business revenue" by underreporting his business receipts to his accountant. *See* No. 1:14-cr-10011 at ECF No. 20 at pp. 4-5.

8. Specifically, the Government attorney asserted in 2005 Gerald Sicard underreported his business receipts by 5 percent, in 2006 by 11 percent, in 2007 by 20 percent, and in 2008 by 30 percent, totaling $620,537 of unreported revenue and $222,251 of tax due. *Id.* at p. 5.

9. The Court entered, based upon a plea, a judgment as to Gerald Sicard in the

criminal case ordering 2 years of probation, 4 months of home detention, and $222,251.00 of restitution to the Internal Revenue Service.  *See* No. 1:14-cr-10011 at ECF No. 15, pp. 1, 2 and 4.

10. The Defendant Gerald Sicard is estopped and barred from contesting that he made and subscribed a materially false tax return for the 2007 income tax year.

**COUNT ONE**
**(Claim Against Gerald Sicard and Maureen Sicard to Reduce Income Tax Liabilities to Judgment)**

11. The United States incorporates by reference paragraphs 1 through 10 as if specifically realleged herein.

12. The Defendant Gerald Sicard and the Defendant Maureen Sicard filed joint federal income tax returns for the income tax years 2006, 2007, and 2008, and grossly underreported their income due to fraud.

13. On November 8, 2014, Gerald Sicard and Maureen Sicard signed IRS Form 4549, Income Tax Examination Changes, consenting to the assessment and collection of additional taxes and penalties detailed on the Form for their income tax years 2006, 2007, and 2008.

14. The Form 4549 detailed the deficiencies in income taxes to be assessed against Gerald Sicard and Maureen Sicard jointly for the income tax years 2006, 2007, and 2008, as well as the fraud penalties pursuant to 26 U.S.C. § 6663 to be assessed against them for the same years.

15. Fraud penalties were assessed against Gerald Sicard and Maureen Sicard because their jointly-filed returns for the income tax years 2006, 2007, and 2008 materially understated revenue earned in Gerald Sicard's business, they refused to provide bank statements, and stated they would quash summonses if issued and cease cooperation unless assurances were made that the Government was not pursuing a criminal referral.

16.     Of the expense and income reconciliation provided by Gerald Sicard's and Maureen Sicard's representative for the income tax years 2006, 2007, and 2008, expense information showed expenses for customers for whom no income was shown on the income reconciliation.

17.     A delegate of the Secretary of the Treasury made joint assessments against Gerald Sicard and Maureen Sicard for income taxes and fraud penalties for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of April 11, 2025, including assessed and accrued late-payment penalties under 26 U.S.C. § 6651, costs, and statutory interest, and after applying all abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 04/11/2025 |
|---|---|---|---|---|
| 12/31/2006 | 04/27/2015 | Tax | $43,273.00 | $77,804.21 |
|  | 04/27/2015 | Fraud Penalty (IRC § 6663) | $32,454.75 |  |
| 12/31/2007 | 04/27/2015 | Tax | $111,969.00 | $334,988.04 |
|  | 04/27/2015 | Fraud Penalty (IRC § 6663) | $83,976.75 |  |
| 12/31/2008 | 04/27/2015 | Tax | $65,809.00 | $248,722.11 |
|  | 04/27/2015 | Fraud Penalty (IRC § 6663) | $50,256.75 |  |
| Total |  |  |  | $661,514.36 |

18.     Notice of the liabilities described in paragraph 17 was given to, and payment demanded from, Gerald Sicard and Maureen Sicard.

19.     Despite proper notice and demand, Defendant Gerald Sicard and Defendant Maureen Sicard failed, neglected, or refused to fully pay the liabilities described in paragraph 17, and after the application of all abatements, payments, and credits, they remain liable, jointly and

severally, to the United States in the amount of $661,514.36, plus statutory additions including interest accruing from and after April 11, 2025.

## COUNT TWO
**(Claim Against Gerald Sicard to Reduce Restitution to Judgment)**

20.  The United States incorporates by reference paragraphs 1 through 19 as if specifically realleged herein.

21.  A delegate of the Secretary of the Treasury properly made restitution-based assessments, pursuant to 26 U.S.C. § 6201(a)(4), against Gerald Sicard related to the judgment entered against him for making and subscribing a materially false tax return under 26 U.S.C. § 7602(1) in *United States of America v. Gerald Sicard*, No. 1:14-cr-10011-GAO (D. Mass.), for the periods and restitution amounts described below.  After applying all abatements, payments and credits, the balances due for each restitution period as of April 11, 2025, are as follows:

| Tax Period Ending | Assessment Date | Restitution Amount Assessed | Balance Due 04/11/2025 |
|---|---|---|---|
| 12/31/2007 | 10/19/2015 | $111,969.00 | $30,315.04 |
| 12/31/2008 | 10/19/2015 | $67,009.00 | $67,009.00 |
| Total | | | $97,324.04 |

22.  The amounts listed in paragraph 21 are included within the joint income tax liability amounts listed in paragraph 17 for the same tax years.  The United States only seeks to collect the balances once.

23.  Notice of the liabilities described in paragraph 21 was given to, and payment demanded from, Gerald Sicard.

24.  Despite proper notice and demand, Defendant Gerald Sicard failed, neglected, or refused to fully pay the liabilities described in paragraph 21, and after the application of all

abatements, payments, and credits, he remains liable to the United States in the amount of $97,324.04 as of April 11, 2025.

25. Defendant Gerald Sicard is estopped and barred by the judgment entered in the above-referenced criminal case, and 26 U.S.C. § 6201(a)(4)(C), from contesting the amount of the restitution.

WHEREFORE, the Plaintiff United States of America requests the following relief:

A. Judgment against the Defendant Gerald Sicard and the Defendant Maureen Sicard, jointly and severally, for income tax liabilities for the periods ending December 31, 2006, December 31, 2007, and December 31, 2008, in the amount of $661,514.36, plus statutory additions accruing from and after April 11, 2025, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. Judgment against the Defendant Gerald Sicard for outstanding restitution-based liabilities for the 2007 and 2008 tax years, in the amount of $97,324.02 as of April 11, 2025; and,

C. Any other and further relief as the Court determines is just and proper.

    UNITED STATES OF AMERICA,
    Plaintiff

    */s/ Claire A. Shimberg*
    CLAIRE A. SHIMBERG
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C. 20044
    202-305-3197 (v)
    202-514-5238 (f)
    Claire.Shimberg@usdoj.gov